IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SEAN SHALLOW | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:19-cv-229 |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants Federal Bureau of Investigation ("FBI") and Drug Enforcement Agency's ("DEA")(collectively, "Federal Defendants") Motion to Dismiss (Dkt. 39) Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6).[1]

Plaintiff alleges a host of wrongful conduct on behalf of Federal Defendants that includes various instances of food poisoning or tampering, entrapment by federal law enforcement officers posing as city police officers and store employees, unauthorized disclosure of medical records, injection of an unknown substance while asleep, sexual assault while asleep, and general harassment.

---

[1] The Court will not address the arguments for Rule 12(b)(6) dismissal as this case may not reach the merits due to a lack of subject-matter jurisdiction and improper venue as discussed below

The Court construes Plaintiff's Complaint to allege six violations against Federal Defendants: Violations under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) (Count I);[2] Violations of the Privacy Act, 5 U.S.C. § 552a (Count II); Deprivation of Rights under Color of Law and Conspiracy to do the same in violation of 18 U.S.C. §§ 241, 242 (Count III); Retaliation Against a Witness, Victim or Informant, 18 U.S.C. § 1513 (Count IV); Violations of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Count V); and Conspiracy to Interfere with Civil Rights, 42 U.S.C. §§ 1985, 1986 (Count VI).

Plaintiff filed this lawsuit on February 25, 2019. The Federal Defendants move to dismiss for lack of subject-matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), respectively.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a court may look beyond the four corners of the complaint in order to satisfy itself of jurisdiction. Mims v. Kemp, 516 F.2d 21, 23 (4th Cir. 1975). The

---

[2] Plaintiff did not number the counts in his Complaint, the Court does so here for ease of reference.

plaintiff has the burden of proving that jurisdiction exists. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Once it is established that there is no subject-matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (internal quotations omitted).

A motion to dismiss based on improper venue is appropriately brought under Rule 12(b)(3). See Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006). The plaintiff's allegations are not taken as admitted and the Court may "freely consider evidence outside the pleadings." Id. 471 F.3d at 550. Considering extrinsic evidence does not convert the motion to dismiss into one for summary judgment. See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). Once venue is challenged, the burden of establishing the propriety of venue falls on the plaintiff. See Bartholomew v. Va. Chiropractors Ass'n, Inc., 612 F.2d 812, 816 (4th Cir. 1979) (overruled on other grounds by Ratino v. Med. Serv. of D.C., 718 F.2d 1260 (4th Cir. 1983)).

First, the Court looks at Count I, the FTCA claims. Sovereign immunity protects the United States from suit and deprives the courts of jurisdiction over claims against the United States absent an explicit waiver from Congress. FDIC v.

3

Meyer, 510 U.S. 471, 475 (1994). The FTCA functions as a waiver of sovereign immunity of the United States for civil claims. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001).

The FTCA does not waive sovereign immunity for tort claims brought against federal agencies. Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir. 1965); 28 U.S.C. §§ 2679, 2680(a)(h). Thus, the only proper defendant in an FTCA claim is the United States. 28 U.S.C. §§ 1346(b), 2674. Here, Plaintiff names the DEA and the FBI as defendants in an FTCA action, rather than the United States. Therefore, the Court finds that Plaintiff's FTCA claims fail because the Court lacks subject-matter jurisdiction due to the sovereign immunity of Federal Defendants in such an action.

Additionally, a plaintiff must present his claim to the appropriate federal agency before filing an FTCA claim against the United States within two years of the alleged incident. 28 U.S.C. §§ 2401(b), 2675(a). Failure to do so bars a plaintiff from filing an FTCA action. See Henderson v. United States 785 F.2d 121, 123 (4th Cir. 1986). If a claim is denied, a plaintiff then has six months to file an action in federal district court after the denial. 28 U.S.C. § 2401(b).

Plaintiff submitted an administrative claim to the DEA in August 2014, which contained similar allegations to those of this present action. The DEA denied Plaintiff's administrative claim on October 17, 2014, and informed Plaintiff of his option

4

to file suit in the appropriate United States district court within six months of its denial of the claim. Plaintiff filed suit here on February 25, 2019, almost four years after the expiration of his six-month deadline. The FBI reports no administrative tort claim made by Plaintiff. The Court finds no subject-matter jurisdiction over any FTCA claim against the FBI due to a failure to exhaust administrative remedies, and any claim previously raised before the DEA is time-barred.

The Court next turns its attention to Count II, in which Plaintiff alleges a violation of his rights under the Privacy Act, 5 U.S.C. § 552a. The Privacy Act states that an agency shall not disclose any record of a citizen or permanent resident without the written consent of the individual which the record concerns. 5 U.S.C. § 552a(b). The appropriate venue for bringing a Privacy Act claim is a "district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552a(g)(5). Plaintiff's filing indicates his mailing address is in the District of Columbia. The Complaint makes no mention of Plaintiff having another residential address, a principal place of business, nor where the alleged agency records may be located. The Complaint fails to show this is the proper venue in

which to bring Count II and for this reason it will be dismissed without prejudice pursuant to Rule 12(b)(3).

The Court next examines Counts III-V, concerning the alleged violations of 18 U.S.C. §§ 241, 242, 18 U.S.C. § 1513, and HIPAA, respectively. Courts have consistently held that 18 U.S.C. §§ 241, 242 and 18 U.S.C. § 1513 are criminal statutes that do not create a private right of action. See, e.g., Graves v. Richmond Redevelopment & Housing Auth., No. 3:13-cv-464, 2013 U.S. Dist. LEXIS 112835 at *13 (E.D. Va. Aug. 8, 2013) (addressing the lack of a private right of action for 18 U.S.C. § 1513); Jones v. Jones, No. 2:03-cv-417, 2004 U.S. Dist. LEXIS 30067 at *10 (E.D. Va. June 15, 2004) (same for 18 U.S.C. §§ 241 and 242). Similarly, a violation of HIPAA does not create a private right of action either. See, e.g., Segen v. Buchanan General Hosp., Inc., 552 F. Supp. 2d 579, 584 (W.D. Va. 2007) ("[I]t is clear that a private right of action does not exist based upon HIPAA violations."). The lack of a private right of action in Counts III, IV, and V results in a finding that the Court does not have subject-matter jurisdiction over these claims, and they will be dismissed.

Finally, the Court looks at Count VI of the Complaint, Conspiracy to Interfere with Civil Rights, 42 U.S.C. §§ 1985, 1986. Sovereign immunity is jurisdictional in nature and absent an explicit waiver from Congress, parties may not sue the United

6

States. Meyer, 510 U.S. at 475. A waiver of sovereign immunity must be "unequivocally" expressed in the statutory text. Lane v. Pena, 518 U.S. 187, 192 (1996); see also Meyer, 510 U.S. at 475. The language in 42 U.S.C. §§ 1985, 1986 contains no explicit statutory waiver of sovereign immunity. See, e.g., Proffit v. United States, 758 F. Supp. 342, 345 (E.D. Va. 1990). Therefore, due to a lack of waiver of sovereign immunity, the Court finds that it does not have subject-matter jurisdiction over these claims and that Count VI must be dismissed.

For the reasons mentioned, the Court concludes that dismissal is appropriate for all counts and Federal Defendants' motion to dismiss will be granted. Count II will be dismissed without prejudice, and Counts I and III-VI will be dismissed with prejudice. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 27, 2019